UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:08 CR 214 |
| | ) | |
| LASHON SAIN | ) | |

## OPINION and ORDER

I.  BACKGROUND

On October 9, 2009, defendant Lashon Sain was charged in the Second Superceding Indictment, along with 14 other defendants, with various offenses including money laundering and conspiracy to commit the same. (DE # 127.) On October 15, 2009, defendant appeared before Magistrate Judge Andrew P. Rodovich for an initial appearance. (DE # 133.) She was arraigned on October 21, 2009. (DE # 144.) During arraignment, Magistrate Judge Rodovich set a status conference for November 23, 2009, finding that such a delay was justified in the interests of justice and due to the complexity of the case. (DE # 144.) All the parties present, including defendant, agreed with the schedule; defendant also agreed to waive her Speedy Trial Act rights. (*Id.*) At the November 23rd status conference, the court set a trial date of June 21, 2010. (DE # 169.)

Defendant moved to dismiss the superceding indictment on May 17, 2010. (DE # 204.) Defendant argues that various time periods that have passed since her arraignment are not excludable under the Speedy Trial Act because Magistrate Judge Rodovich did not explicitly reference the public's interest in the swift administration of

justice at the time when he allowed the delays. Defendant argues that "'[t]he Act requires express findings' which are 'set forth in the record of the case' at the time of the ruling." (DE # 204.)

The Government responded on May 21, 2010, arguing that the court did not need to provide a justification for a decision to exclude time contemporaneously with the decision, and requested that Magistrate Judge Rodovich supplement the record to set forth the bases for his earlier decisions to exclude time. (DE # 207.) In an order dated May 25, 2010, Magistrate Judge Rodovich referred to defendant's present motion as "what can only be termed 'sandbagging'" and pointed out that defendant was present at the aforementioned hearings, agreed to the schedule, and waived her rights under the Speedy Trial Act. (DE # 209.) Magistrate Judge Rodovich further stated:

> This court, having reviewed the record in this case, hereby FINDS that the time between the arraignment on October 21, 2009 and the status hearing on November 23, 2009, and the time between the status hearing and the deadline given for pretrial motions, February 19, 2010, is excludable time for the purposes of speedy trial calculation for all defendants herein. The court finds that this case is complex in that the Second Superseding Indictment charges 15 defendants in 49 courts [sic] with violations of numerous federal offenses. Furthermore, the discovery tendered by the government is voluminous consisting of wiretap evidence, hundreds of recordings of intercepted calls, other audio and video recordings, as well as more than 1000 pages of reports and other documents. It would be unreasonable to expect adequate preparation by defense counsel within the 70 day speedy trial period. Under the circumstances, failure to grant additional time to prepare for pretrial proceedings and for trial would result in a miscarriage of justice, even when weighed against the public interest and the defendants' interest in a speedy trial.

(DE # 209.)

## II.     ANALYSIS

The speedy trial clock begins to run on either the date of the filing of the indictment, or the date the defendant appears before a judicial officer of the court, whichever occurs last. 18 U.S.C. § 3161(c)(1). "When more than one defendant is charged in an indictment, the Speedy Trial clock begins to run on the date of the last co-defendant's initial appearance . . . ." *United States v. Farmer,* 543 F.3d 363, 368 (7th Cir. 2008). In this case, the parties do not dispute that the clock began to run on October 15, 2009, which is the date that the last group of defendants–Sain amongst them–appeared in the case.

The Act "generally requires a trial to begin within 70 days" once the clock starts. *Zedner v. United States,* 547 U.S. 489, 497 (2006); 18 U.S.C. § 3161(c)(1). However, because "the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases[,] . . . the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Zedner,* 547 U.S. at 497. Specifically, section 3161(h)(7)(A) "permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial." *Id.* at 498-99. The purpose of this provision is to "give[] the district court discretion–within limits and subject to specific procedures–to accommodate limited delays for case-specific needs." *Id.* at 499. However, a "district court is not required to make

Speedy Trial Act findings contemporaneously with a continuance order." *United States v. Larson*, 417 F.3d 741, 746 (7th Cir. 2005). Rather, when a district court grants an ends-of-justice continuance, "those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss." *Zedner*, 547 U.S. at 507; *see also United States v. Napadow*, 596 F.3d 398, 404 (7th Cir. 2010) (holding the same).

This requirement was met when Magistrate Judge Rodovich entered his findings on May 25, 2010, in which he stated that "failure to grant additional time to prepare for pretrial proceedings and for trial would result in a miscarriage of justice, even when weighed against the public interest and the defendants' interest in a speedy trial." (DE # 209.) Though Magistrate Judge Rodovich did not make these findings contemporaneously with the continuances he allowed, he made the findings before this court ruled on the present motion to dismiss, satisfying *Zedner* and its progeny. Thus, defendant's argument that Magistrate Judge Rodovich did not comply with the Speedy Trial Act is without merit. Defendant has not argued that any other periods of time were improperly excluded. Her motion to dismiss is denied.

### III.  CONCLUSION

For the aforementioned reasons, defendant Lashon Sain's motion to dismiss (DE # 204) is **DENIED**.

**SO ORDERED.**

Date: July 13, 2010

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT