UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:08 CR 214 |
| | ) | |
| LASHON SAIN | ) | |

## OPINION and ORDER

Defendant Lashon Sain is accused of aiding and abetting co-defendants Dwayne Crawford and Beverly Burks in laundering money for a drug trafficking operation. Specifically, the Government contends that Sain conspired with Crawford to find someone (ultimately, her relative, Burks) to purchase a vehicle in his or her name with Crawford's cash.

On July 25, 2011, the court accepted Sain's plea of guilty to one count of aiding and abetting the money laundering scheme in violation of 18 U.S.C. §§ 2 & 1957. (DE # 321.) Sain has now moved to withdraw her plea of guilty because two of her co-defendants, Burks and Sandra McGuire, "received either the same or more favorable treatment by the government in the disposition of their cases." (DE # 578 at 2.)

FEDERAL RULE OF CRIMINAL PROCEDURE 11(d)(2)(B) states that a "defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . defendant can show a fair and just reason for requesting the withdrawal." The Seventh Circuit Court of Appeals has recognized the following as "fair and just reason[s]" for withdrawal: an involuntary and unknowingly made plea, *United States v. Weathington,* 507 F.3d 1068, 1073 (7th Cir. 2007); actual innocence, *United*

*States v. Carroll,* 412 F.3d 787, 792 (7th Cir. 2005); legal innocence, *United States v. Rinaldi,* 461 F.3d 922, 927 (7th Cir. 2006); and ineffective assistance of counsel, *Hugi v. United States,* 164 F.3d 378, 381 (7th Cir. 1999). On the other hand, the Seventh Circuit has rejected numerous arguments as insufficient to establish a "fair and just reason" for withdrawal, including: the possibility of a change in the law, *United States v. Mays,* 593 F.3d 603, 607 (7th Cir. 2010); receipt of a more severe sentence than estimated by the defendant, *United States v. Knorr,* 942 F.2d 1217, 1220 (7th Cir. 1991); and the fact that defendant strategically pleaded guilty to receive a transfer to another prison for better medical treatment, *United States v. Wolf,* 44 Fed. App'x 16, 19 (7th Cir. 2002). An examination of these cases reveals a trend. The law will not permit an injustice to occur through the denial of a motion to withdraw a plea; thus, a court should permit withdrawal to avoid punishment of an innocent person or a defendant denied her Sixth Amendment right to effective representation. However, a "fair and just reason" will not be found when a defendant pleads guilty but later changes her mind because, given the passage of time and perhaps the acquisition of some new information, the deal no longer seems like a good one.

Though the Seventh Circuit Court of Appeals has not ruled on whether it would be "fair and just" to permit a defendant to withdraw her plea due to her belief that her co-defendants received the same or more favorable treatment, the Eighth Circuit has. In *United States v. Bryant,* 640 F.2d 170 (8th Cir. 1981), the defendant argued that he should be permitted to withdraw his guilty plea because new witnesses were available to

2

testify who were not available before. The trial court disbelieved defendant, claiming defendant saw the outcome of his co-defendants' cases and decided he would rather take his chances at trial. The Eighth Circuit affirmed, and held that such a rationale did not constitute a "fair and just reason" for withdrawal. *Id.* at 173. The court finds the *Bryant* holding to be well-reasoned and persuasive. The *Bryant* decision also is congruent with the aforementioned decisions of the Seventh Circuit, in which that court refused to permit defendants to change their minds after entering guilty pleas simply because, for a variety of reasons, they no longer liked the deals they made. *See, e.g., Mays,* 593 F.3d at 607; *Knorr,* 942 F.2d at 1220; *Wolf,* 44 Fed. App'x at 19. The *Bryant* defendant's argument was rejected, and the court believes that the Seventh Circuit, if presented with the same argument, would come to the same conclusion.

Further, the court finds that the *Bryant* court's rationale applies in this case. Like *Bryant*, this is a "classic case" of a defendant pleading guilty and then attempting to back out of her plea bargain once the fates of her co-defendants became known. *Id.* at 173. Accordingly, the court finds that Sain has presented no "fair and just reason" justifying withdrawal of her plea of guilty, and her motion (DE # 578) is **DENIED**.

**SO ORDERED.**

Date: August 6, 2014

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

3